**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| | : |
| v. | : |
| | : 5:05-CR-26 (HL) |
| | : |
| **TONY BROOKS,** | : |
| | : |
| Defendant. | : |
| _____ | : |

**ORDER**

Before the Court is Tony Brooks' Motion to Reduce Sentence Pursuant to Rule 35(b) and/or § 5K1.1 (Doc. 39). In the Motion, he asks for a reduction in his sentence pursuant to Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure. He claims that he provided substantial assistance to the government, that while out on bond he personally made seven or eight controlled crack cocaine purchases, and that his fiancee' made another controlled crack cocaine purchase on his behalf. He contends that "the agent promised" him that he would "receive over half his time and/or probation."

The decision to file a motion for downward departure lies within the sound discretion of the government. United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997). In the absence of a motion by the government, the Court has no authority to reduce a defendant's sentence under Rule 35, and has no authority to make a downward departure under § 5K1.1. United States v. Howard, 902 F.2d 894, 897

(11th Cir. 1990) (holding that "[b]oth section 5K1.1 and Rule 35(b) require a motion by the government before the court can reduce a sentence").

Because Rule 35 gives the government a power, not a duty, to file a substantial assistance motion, a district court has limited authority in controlling the filing of such motions.  See Wade v. United States, 504 U.S. 181, 112 S. Ct. 1840, 118 L.Ed.2d 524 (1992).  The Supreme Court of the United States has held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Id. at 185-86.  The Supreme Court has also held that a defendant may "be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end." Id. at 186.  And, of course, review may be obtained in those circumstances where the government has failed to carry through on a promise that induced a defendant to enter into a plea agreement.  Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L.Ed.2d 427 (1971).

The Court has reviewed the minute sheet from Brooks' sentencing hearing held on September 7, 2006.  During the hearing, counsel for the government stated that he intended to file a Rule 35 motion as Brooks had provided assistance, but the assistance had not been completed at that time.  The Court orders the government to respond to Brooks' Motion by identifying the basis for any possible reduction in sentence and the reasons the government has refused to file a motion in his case.

The government should also address whether any promise was made to file a motion for reduction in sentence in return for Petitioner's plea of guilty. The government's response must be filed on or before December 31, 2009.

**SO ORDERED**, this the 8th day of December, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh